**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

ABIGAIL M. LEGROW
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

October 29, 2020

David J. Soldo, Esquire
Patricia A. Winston, Esquire
Morris James, LLP
500 Delaware Avenue, Suite 1500
P.O. Box 2306
Wilmington, DE 19899

Carmella P. Keener, Esquire
Cooch And Taylor, P.A.
The Nemours Building
1007 North Orange Street, Suite 1120
P.O. Box 1680
Wilmington, DE 19899

RE: ***Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London***
**C.A. No. N19C-08-305 AML (CCLD)**

Dear Counsel,

On September 25, 2020, this Court issued a memorandum opinion (the "Opinion") granting Plaintiff's motion for partial summary judgment in this insurance coverage dispute.[1] The Court's ruling, succinctly stated, was that Defendant's duty to advance defense costs was triggered under two separate sections of the insurance policy (the "Policy") at issue because the allegations in the underlying arbitration counterclaim, when read as a whole, asserted a risk within the Policy's coverage. The Court found the duty to advance arose under both Sections I.A.2 and I.A.3 of the Policy.

---

[1] Legion Partners Asset Mgmt., LLC v. Underwriters at Lloyds London, 2020 WL 5757341 (Del. Super. Sept. 25, 2020) (hereinafter, "Op.").

Defendant filed a timely motion for reargument (the "Motion"), asserting the Court erred in three respects. First, Defendant contends it was not afforded an opportunity to brief whether coverage arose under Section I.A.3 because Plaintiff did not raise that argument until its reply brief. Second, Defendant argues the Court misapprehended "the permissible scope of the Arbitration" and based its coverage analysis "on a breach of fiduciary duty theory not recognized under Delaware law."[2] Finally, Defendant asserts the Court's conclusion that coverage was triggered under Section I.A.2 misapplies the Policy's plain language and Delaware law governing indemnification of officers and directors. Plaintiff filed a timely opposition to the Motion, contending reargument was neither necessary nor appropriate because Defendant's arguments do not meet the standard for reargument under Superior Court Civil Rule 59(e). Having considered the parties' arguments, it is apparent that Defenant's Motion must be denied.

A motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] Movants neither may present new arguments nor rehash those already presented.[4] The movant "has the

---

[2] Def.'s Mot. for Reargument at 1.
[3] *Radius Servs., LLC v. Jack Corrozi Const., Inc.*, 2010 WL 703051, at *5 (Del. Super. Feb. 26, 2010) (quoting *Lamourine v. Mazda Motor of Am.*, 2007 WL 3379048, at *1 (Del. Super. Sept. 24. 2007)).
[4] *Reid v. Hindt*, 2008 WL 2943373, at *1 (Del. Super. July 31, 2008).

burden of demonstrating newly discovered evidence, a change in the law or manifest injustice."[5]

First, Defendant argues the Court should permit reargument because Plaintiff did not make clear until its reply brief that it was seeking coverage under Section I.A.3 of the Policy. As an initial matter, this is not entirely accurate. Plaintiff's amended complaint expressly sought coverage under both Sections I.A.2 and I.A.3, and Plaintiff's opening brief did not expressly limit its coverage argument to only one of those sections.[6] More importantly, however, Plaintiff's arguments under Section I.A.3 plainly were articulated in its reply brief, and Defendant neither sought the opportunity to submit a sur-reply nor asked to submit a supplemental brief on that issue after oral argument.[7] Defendant addressed coverage under Section I.A.3 at oral argument, and its choice not to pursue those additional options does not make reargument appropriate.

Defendant next argues the Court should grant reargument because it erred in concluding that coverage was triggered under Section I.A.3. Defendant advances several arguments in support of this contention. As to Defendant's argument that the allegations in the counterclaim regarding the company leaking confidential information were mere "background facts," the record shows that Plaintiff had to

---

[5] *Id.* (quoting *State v. Brooks*, 2008 WL 435085, *2 (Del. Super. Feb. 12, 2008)).
[6] Am. Compl. ¶ 16.
[7] Notably, the Court permitted supplemental submissions on another issue, so the opportunity to make supplemental submissions upon request presumably was apparent to counsel.

defend the merits of those allegations in order to defend the counterclaim. Defendant next contends that any cause of action for breach of fiduciary duty could not be brought in the arbitration or against the company directly, but only in the California litigation and against the company's officers or directors. This argument is a straw man. The Court's conclusion that coverage was triggered under Section I.A.3 was not based on a finding that the counterclaim asserted a fiduciary duty claim against the company. As Defendant correctly points out, no such claim is cognizable under Delaware law. Rather, the Court took pains to explain that the phrase "Wrongful Act" in the Policy broadly was defined and encompassed, among other things, the allegations that the Company "violated federal laws and regulations by leaking material, nonpublic information."[8]

Defendant further contends it should be permitted to reargue the scope of coverage under Section I.A.3 because the Court misapprehended the holding in *Ferrellgas Partners L.P. v. Zurich American Insurance Co.*, a decision neither party cited in its papers. This argument falters for at least two reasons. First, although Defendant suggests otherwise, the Court is not limited to relying only on the authorities the parties cite, and reargument is not warranted simply because the Court cited an authority that neither party cited despite having ready access to it. Second,

---

[8] Op. at *9. *See also id.* at *10 ("In sum, Legion incurred defense costs (a Loss) arising from the Counterclaim (a Claim) that was based on Legion's errors, neglect, acts, or omissions . . . .").

the Court did not misconstrue *Ferrellgas*. Rather, the Court relied on *Ferrellgas* for its broad construction of the phrase "Wrongful Act."[9] As the Court pointed out in the Opinion, the *Ferrellgas* Court ultimately concluded coverage was not available based on other limiting language in the policy that is not present in the Policy at issue here.[10] That holding does not undermine the broad construction the *Ferrellgas* Court accorded the term "Wrongful Act."

Defendant's last argument relating to Section I.A.3 is that the "potential for coverage standard under duty to defend policies cannot be reconciled with the advancement clause of Section V.C. of the Policy . . . and the first sentence of the allocation provision, Section VI.A . . . ."[11] This assertion, which is something of a *non sequitur*, appears simply to rehash arguments Defendant previously made. In any event, the Court's decision was based on established case law regarding "duty to advance" policies, and the standard the Court applied based on that case law does not contradict the Policy's language.[12]

Defendant's third and final basis for seeking reargument is that the Court "misapprehend[ed] the corporate reimbursement coverage" afforded by Section I.A.2 of the policy. Again, this argument repeats arguments Defendant raised in

---

[9] *See id.* at *9; *Ferrellgas Partners, L.P. v. Zurich Am. Ins.*, 2020 WL 363677, at *5, 9 (Del. Super. Jan. 21, 2020).
[10] *See* Op. at *9, n. 79.
[11] Def.'s Mot. for Reargument 4-5.
[12] *See* Op. at *4, 6-7.

opposition to the summary judgment motion. As the Opinion explains at length, the factual allegations in the arbitration counterclaim substantively were the same as those underlying the claims lodged against Plaintiff's principals in the pending California litigation. In defending the counterclaim, Plaintiff necessarily had to defend its principals' actions, both in order to defeat the counterclaim and because it was at least possible the arbitration award would have a preclusive effect in the California litigation. Accordingly, the counterclaim was a claim for Wrongful Acts by Plaintiff's principals.[13]

For the foregoing reasons, Defendant's Motion for Reargument is **DENIED**.

**IT IS SO ORDERED**.

Sincerely,

Abigail M. LeGrow, Judge

---

[13] Defendant also appears to argue that the duty to advance never was triggered because Defendant ultimately did not indemnify its principals for any costs. But, again, the duty to advance is triggered when the claims, as alleged, could result in indemnity. The duplicative factual allegations in the Counterclaim and the California litigation, coupled with the possibility that the arbitration award would have preclusive effect, brought Plaintiff's defense of the Counterclaim within the ambit of Section I.A.2.